UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

### CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan

■ 3rd _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Christopher Nimeth     JOINT DEBTOR: _____     CASE NO.: 21-16573-LMI

SS#: xxx-xx- 6709     SS#: xxx-xx- _____

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section IX | ■ Included | ☐ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $2,000.00     for months   1   to   5  ;
2. $2,079.10     for months   6   to  20  ;
3. $2,225.23     for months  21   to  60  ;

B. **DEBTOR(S)' ATTORNEY'S FEE:**     ☐ NONE     ☐ PRO BONO

| Total Fees: $4,200.00 | Total Paid: $1,500.00 | Balance Due: $2,700.00 |
|---|---|---|
| Payable $540.00 /month (Months 1 to 5 ) | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
Safe Harbor Fees

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS     ☐ NONE

A. **SECURED CLAIMS:**     ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: 772 Leveling Up LLC

   Address: c/o Kondaur Capital Corp.
   c/o Corporation Services Company 1201 Hays Street Tallahassee FL 32301-0000

   Arrearage/ Payoff on Petition Date     MMM
   MMM Adequate Protection     $1,188.81     /month (Months  1  to  5  )
   MMM Adequate Protection     $1,800.00     /month (Months  6  to  60 )

   Last 4 Digits of _____

Account No.:  0348

Other:

☒ Real Property                                  Check one below for Real Property:
   ☒ Principal Residence                         ☒ Escrow is included in the regular payments
   ☐ Other Real Property                         ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
8431 SW 27 Lane, Miami, FL 33155

☐ Personal Property/Vehicle

Description of Collateral:

2. Creditor: CCH FL 2 LLC

   Address: POB 54274            Arrearage/ Payoff on Petition Date   $4,270.94 ($4,243.92 @ 0.25%)
            New Orleans, LA 70154  Payoff                              $71.19   /month (Months  1  to  60  )

Last 4 Digits of
Account No.:  N/A

Other:

☒ Real Property                                  Check one below for Real Property:
   ☒ Principal Residence                         ☐ Escrow is included in the regular payments
   ☐ Other Real Property                         ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
8431 SW 27 Lane, Miami, FL 33155

☐ Personal Property/Vehicle

Description of Collateral:

   B. **VALUATION OF COLLATERAL:**    ☒ NONE

   C. **LIEN AVOIDANCE**    ☒ NONE

   D. **SURRENDER OF COLLATERAL:**    ☒ NONE

   E. **DIRECT PAYMENTS**    ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

☒ The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | First Investors Servicing Corporation | 6709 | 2012 Lincoln MKZ |

IV.  **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]   ☐ NONE

   A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ☒ NONE

   B. **INTERNAL REVENUE SERVICE:**   ☒ NONE

   C. **DOMESTIC SUPPORT OBLIGATION(S):** ☒ NONE

   D. **OTHER:**  ☒ NONE

V.  **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**   ☐ NONE

   A. Pay  $131.51  /month (Months  21  to  60  )

   Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

    **B.**  ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

    **C.**  <u>SEPARATELY CLASSIFIED</u>:  ☒ NONE

**VI.**  <u>STUDENT LOAN PROGRAM</u>  ☒ NONE

**VII.**  <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>  ☒ NONE

**VIII.**  <u>INCOME TAX RETURNS AND REFUNDS:</u>  ☒ NONE

**IX.**  <u>NON-STANDARD PLAN PROVISIONS</u>  ☐ NONE

☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

☒ Mortgage Modification Mediation

1  The debtor has filed a Verified Motion for Referral to MMM with:

772 Leveling Up LLC ("Lender")

loan number 0348

for real property located at 8431 SW 27 Lane Miami, FL 33155

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

Debtor(s): Christopher Nimeth    Case number: 21-16573-LMI

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| Debtor | Date | Joint Debtor | Date |
|---|---|---|---|
| Christopher Nimeth | | | |

| /s/ Jose P. Funcia, Esq. | November 30, 2021 |
|---|---|
| Attorney with permission to sign on Debtor(s)' behalf | Date |

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**